

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2003

# USA v. Fuentes

Precedential or Non-Precedential: Non-Precedential

Docket 01-4338

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Fuentes" (2003). *2003 Decisions.* Paper 722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-4338

_____

UNITED STATES OF AMERICA

v.

LUIS FUENTES
a/k/a
LUIS CATANO
a/k/a
LOUIE
a/k/a
LUISITO

Luis Fuentes,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C.  No. 94-cr-00192-14)
District Judge: Honorable Herbert J. Hutton

_____

Submitted March 13, 2003
Submitted Under Third Circuit LAR 34.1(a)

Before: BECKER, Chief Judge, Rendell and Ambro
Circuit Judges.

(Filed: March 25, 2003)

_____

_____

BECKER, Chief Judge.

This is an appeal by defendant Luis Fuentes from an order revoking his supervised release.  Fuentes argues that the order should be revoked and the consequent sentence be revisited because the District Court erred in failing to recognize its discretion to impose a concurrent sentence for a violation of supervised release under United States Sentencing Guidelines Section 7B1.3(f).  In response, the government states (in its brief) that

> [i]t is unclear from the record whether the district court[,] in imposing a sentence for a violation of supervised release which was consecutive to a term for the offense which gave rise to the violation, understood its discretion to impose a concurrent sentence.  This, this Court may wish to remand the matter for clarification of the District Court's reasoning.

Appellee's Brief at 7.

The government then argues, however, that: (1) the sentence for violation of supervised release may be affirmed on the present record because Fuentes did not object at sentencing to the imposition of a consecutive sentence; (2) review is therefore for plain error; (3) there was none; and (4) this Court has discretion whether to correct the error.  However, we think that the better course is to remand for clarification.  Accordingly the judgment of sentence will be vacated and the case remanded for further proceedings.

TO THE CLERK:

Please file the foregoing opinion.

BY THE COURT:

/s/ Edward R. Becker
Chief Judge